IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | No. 16-CR-30068 |
| ) | |
| **KEITH JD OFFORD,** ) | |
| ) | |
| Defendant. ) | |

## OPINION

**SUE E. MYERSCOUGH, U.S. District Judge.**

This matter is before the Court on Petitioner Keith JD Offord's Motion to Vacate, Set Aside, or Correct Sentence Under 28 U.S.C. § 2255 (§ 2255 Petition) (d/e 145).  Because Petitioner's § 2255 Petition is untimely and Petitioner is not entitled to relief on the merits of his claims, the § 2255 Petition is DENIED.

## I. FACTS

In December 2016, the grand jury returned a six-count Indictment against Petitioner.  Count One charged Petitioner with bank fraud in violation of 18 U.S.C. §§ 1344 and 2.  Count Two charged Petitioner with access device fraud in violation of 18 U.S.C. §§ 1029(a)(3) and (c)(1)(A)(i).  Counts Three, Four, Five, and Six

charged Petitioner with aggravated identity theft in violation of 18 U.S.C. § 1028A.  See Indictment, d/e 1.  Counts Two and Five were dismissed on the motion of the Government before trial.  Petitioner put the Government to its burden at trial and on February 8, 2018, a jury found Petitioner guilty of the offenses charged in Counts One, Three, Four, and Six of the Indictment.  See Jury Verdict, d/e 71. On October 19, 2018, the Court sentenced Petitioner to a total of 144 months' imprisonment, consisting of 120 months on the bank fraud count and 24 months on each of the three identity theft counts, to run concurrently with each other and consecutively to the sentence imposed on the bank fraud count.  Minute Entry, Oct. 19, 2018.  The Court also imposed a five-year term of supervised release.  Id.  Petitioner appealed his conviction, and in a written opinion dated October 15, 2019, the Seventh Circuit affirmed Petitioner's conviction.

In March 2021, Petitioner filed the § 2255 Petition now before the Court.  The Government has filed a Response to Petitioner's § 2255 Petition.  Resp. d/e 146.  When Petitioner did not file a reply to the Government's response by the deadline initially set by the

Court, and after Petitioner filed a notice of change of address, see d/e 147, the Court extended Petitioner's deadline to file a reply and directed the Clerk of the Court to mail to Petitioner at the new address a copy of the Government's response and the Court's text order granting Petitioner an extension of time to reply.  See Text Order, July 28, 2021.  The Court further warned Petitioner that, if no reply was filed by the new deadline, the Court would rule on the § 2255 Petition without further notice.  See id.  No reply has been filed by Petitioner as of the date of this opinion.

In his § 2255 Petition, Petitioner raises two grounds for relief from his conviction.  First, Petitioner challenges the Court's denial of his motion to suppress evidence.  Second, Petitioner claims that the Indictment in the case was defective and his conviction was improper because the Indictment stated Petitioner obtained more than $500,000 through his fraud, but the Government did not prove that amount at trial.  Because the § 2255 Petition is untimely and the claims are without merit, the Court finds that an evidentiary hearing on the Petition is not necessary.

## II.  ANALYSIS

### A.  Petitioner's § 2255 Petition Is Untimely.

Initially, the Court finds that Petitioner's § 2255 Petition is untimely under 28 U.S.C. § 2255(f).  A one-year period of limitations applies to § 2255 petitions.  28 U.S.C. § 2255(f).  The one-year period begins to run from the latest of:

> (1) the date on which the judgment of conviction becomes final;
>
> (2)  the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

 28 U.S.C. § 2255(f).

Petitioner has not identified any impediment created by governmental action that prevented him from filing the § 2255 Petition, a right newly recognized by the Supreme Court, or facts

that support his claim that have only recently been discovered through the exercise of due diligence.  See 28 U.S.C. § 2255(f)(2), (f)(3), (f)(4).  Therefore, the Court discusses only the statute of limitations set forth in § 2255(f)(1).

Under § 2255(f)(1), the one-year period begins to run on the date the judgment becomes final.  Petitioner's conviction became final on January 13, 2020, one year after the expiration of the ninety-day period in which Petitioner could have filed a petition for writ of certiorari to the United States Supreme Court to appeal the Seventh Circuit's decision issued on October 15, 2019.  Any § 2255 Petition was, therefore, required to be filed by January 13, 2021.  Petitioner did not file his § 2255 Petition until March of 2021, making the § 2255 Petition untimely under 28 U.S.C. § 2255(f)(1).

The Court notes that the one-year limitation period may be equitably tolled and may be disregarded in extraordinary circumstances or when the petitioner is actually innocent.  See Weddington v. Zatecky, 721 F.3d 456, 464 (7th Cir. 2013) (holding that the limitation period under the Antiterrorism and Effective Death Penalty Act of 1996 is subject to equitable tolling); McQuiggin

v. Perkins, 133 S. Ct. 1924, 1931-32 (2013) (holding that a court may disregard the one-year limitation period where the petitioner is actually innocent). However, Petitioner has not made either claim. Therefore, the § 2255 Petition is untimely. In addition, the Court also finds that Petitioner's claimed grounds for relief are without merit.

### B. Petitioner Is Not Entitled to Relief on His Challenge to the Court's Denial of His Motion to Suppress.

Petitioner's first ground for relief concerns the Court's denial of his motion to suppress evidence prior to trial. Specifically, Petitioner contends that in light of the Seventh Circuit's decision in United States v. Rodriguez-Escalara, 884 F.3d 661 (7th Cir. 2018), the motion to suppress was improperly denied. Rodriguez-Escalara, however, does not represent a change in the law as Petitioner suggests. Both Petitioner's and Rodriguez-Escalara's appeals turned in part on the issue of whether the officers who conducted traffic stops on the respective defendants' cars unreasonably prolonged the stops. In both appeals, the Seventh Circuit evaluated the evidence, and in the case of Rodriguez-Escalara, found that the officer unreasonably prolonged the stop.

See id. at 668.  In Petitioner's case, however, the Seventh Circuit conducted the same analysis of the traffic stop and concluded that the officer had not unreasonably prolonged the stop and, therefore, affirmed Petitioner's conviction.  See United States v. Offord, 788 F. App'x 384, 387 (7th Cir. 2019).

The Court also notes that Rodriguez-Escalara was decided by the Seventh Circuit in March 2018, while Petitioner's appeal was decided more than a year and a half later in October 2019.  If Rodriguez-Escalara did represent an intervening change in the law as Petitioner contends, it stands to reason that the Seventh Circuit's decision in Petitioner's later appeal would have followed in line with that court's earlier decision.  Yet, the Seventh Circuit apparently did not find its decision in Rodriguez-Escalara pertinent to Petitioner's appeal, as there is no citation to the earlier case in the later decision.

Finally, the Court has considered that Petitioner may also be raising a claim of ineffective assistance of appellate counsel in his first ground for relief when Petitioner claims that Petitioner's appellate counsel failed to argue the applicability of Rodriguez-

Escalara in relation to Petitioner's appeal.  This claim is likewise without merit.

To prove ineffective assistance of appellate counsel, Petitioner must show that appellate counsel omitted a "'significant and obvious issue' without a legitimate strategic reason for doing so." Howard v. Gramley, 225 F.3d 784, 790 (7th Cir. 2000) (quoting Mason v. Hanks, 97 F.3d 887, 893 (7th Cir. 1996)).  To be effective, appellate counsel need "not raise every nonfrivolous argument on appeal, but rather only those arguments most likely to succeed." Davila v. Davis, 137 S. Ct. 2058, 2067 (2017) (citations omitted). Declining to raise a claim on appeal is not deficient performance unless that claim was plainly stronger than those actually presented to the appellate court.  Id. (citing Smith v. Robbins, 528 U.S. 259, 288 (2000).

Here, Petitioner does not quarrel with the claims raised by his counsel on appeal, he only suggests that appellate counsel should have cited to or argued that a particular case applied.  Just as appellate counsel need not raise every nonfrivolous claim on appeal,

appellate counsel need not cite to every possible relevant case. Petitioner is not entitled to relief on this ground.

### C. Petitioner Is Not Entitled to Relief on His Claim Concerning the Fraud Amount Alleged in the Indictment.

Petitioner's second claimed ground for relief concerns the fraud amount alleged in the Indictment. Petitioner contends that the Government did not, and could not, prove at trial that the amount of Petitioner's fraud was in excess of $500,000 as alleged in the Indictment. Therefore, Petitioner claims that because the fraud amount was used in the calculation of the guidelines range at sentencing, Petitioner's sentence must be vacated. This claim is likewise without merit.

While it is true that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt[,]" Apprendi v. New Jersey, 530 U.S. 446, 490 (2000), the same rule does not apply to facts which merely increase a defendant's guidelines range. A district court

may rely on facts asserted in a presentence investigation report (PSR) if the PSR is based on sufficiently reliable information. United States v. Rollins, 544 F.3d 820, 838 (7th Cir. 2008) (citing United States v. Schroeder, 536 F.3d 746, 752 (7th Cir. 2008)) (other citation omitted).  And pursuant to United States v. Booker, 543 U.S. 220 (2005), the guidelines are merely advisory, not mandatory.

    Here, Petitioner has conflated the rules set forth above, arguing that because the fraud amount increased his guidelines range, the fraud amount must have been found by the jury. Petitioner is mistaken.  The federal bank fraud statute states that, "Whoever knowingly executes, or attempts to execute, a scheme or artifice—(1) to defraud a financial institution; or (2) to obtain any of the moneys, funds, credits, assets, securities, or other property owned by, or under the custody or control of, a financial institution, by means of false or fraudulent pretenses, representations, or promises; shall be fined . . . or imprisoned."  18 U.S.C. § 1344.  The federal bank fraud statute "demands neither a showing of ultimate financial loss nor a showing of intent to cause financial loss."  Shaw

v. United States, 137 S. Ct. 462, 467, 196 L. Ed. 2d 373 (2016). Simply stated, the fraud amount is not an element of the offense which the Government must prove to sustain a conviction for bank fraud.

Once the jury found Petitioner guilty on the bank fraud charge, the Court was then entitled to rely on the information in the PSR establishing the loss amount, provided that the information was sufficiently reliable.  Importantly, the Court's determination of the loss amount did not increase beyond the statutory maximum the penalty to which Petitioner was subjected.  The loss amount merely affected the Court's calculation of the Guidelines range, which is advisory only.

In sum, the Government was not required to prove the amount of the loss, and the information on which the Court relied to establish the amount of the loss was sufficiently reliable.  Petitioner is not entitled to relief on this ground either.

### III. CERTIFICATE OF APPEALABILITY

If Petitioner seeks to appeal this decision, he must first obtain a certificate of appealability.  See 28 U.S.C. § 2253(c) (providing that

an appeal may not be taken to the court of appeals from the final order in a § 2255 proceeding unless a circuit justice or judge issues a certificate of appealability). A certificate of appealability may issue only if Petitioner has made a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Such a showing is made if "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner." Slack v. McDaniel, 529 U.S. 473, 484, 120 S. Ct. 1595 (2000). When a federal habeas petition is dismissed on procedural grounds without reaching the underlying constitutional claim, the movant must show "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Id. The Court does not find that reasonable jurists could disagree with the Court's findings that Petitioner's claims are meritless. Accordingly, the Court declines to issue a certificate of appealability.

## IV. CONCLUSION

For the reasons stated above, Petitioner Keith JD Offord's Motion to Vacate, Set Aside, or Correct Sentence Under 28 U.S.C. § 2255 (d/e 145) is DENIED.  The Court DECLINES to issue a Certificate of Appealability.  The Clerk is DIRECTED to CLOSE Case Number 21-cv-3069 and to prepare the Judgment.

ENTER:  August 13, 2021

FOR THE COURT:           /s/Sue E. Myerscough
                         SUE E. MYERSCOUGH
                         UNITED STATES DISTRICT JUDGE